NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 26, 2009*
Decided April 8, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

**No.** 08-4099

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

**v.**

JOHN A. RADERMACHER,
    *Defendant-Appellant.*

Appeal from the United
States District Court for the
Western District of Wisconsin.

No. 05-CR-39-C-01
Barbara B. Crabb, *Chief Judge*.

**Order**

Last fall we vacated Radermacher's sentence and remanded for resentencing in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The district court then sentenced Radermacher to 300 months in prison, 60 months below his guideline range of 360 months to life. (That range reflects the amendments to the cocaine guidelines made in 2007.) The sentence before the remand had been 360 months. Despite this substantial reduction, Radermacher has appealed again. His lawyer has filed an *Anders* brief, and Radermacher has declined the court's invitation to respond. See Circuit Rule 51(b).

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

After consulting with Radermacher, counsel represents that his client does not wish to withdraw his guilty plea. So the only potential appellate issues concern sentencing. And as there was no contest in the district court to the district judge's calculation of the guidelines range, argument would be limited to a contention that the judge did not understand the extent of her discretion after *United States v. Booker*, 543 U.S. 220 (2005), or otherwise imposed a sentence unreasonable in light of the statutory criteria. Because the sentence is below a properly determined range, it is presumed reasonable on appeal, see *Rita v. United States*, 551 U.S. 338 (2007). And the prior remand under *Kimbrough* ensured that the sentence reflected the full extent of judicial discretion.

Thus there is no non-frivolous issue for appeal. We grant counsel's motion to withdraw, and we dismiss the appeal as frivolous.